1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  HEATHER BUSHMAN
   Supervising Deputy Attorney General
5  LINNEA D. PIAZZA, State Bar No. 246868
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-2221
     Fax: (619) 645-2581
9    Email: Linnea.Piazza@doj.ca.gov

10 Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  **MARK TITCH,** | 08-CV-0654 J (Wmc) |
| 15                    Petitioner, | **RESPONDENT'S ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.** |
| 16  v. | |
| 17  **ROBERT HERNANDEZ, WARDEN,** | |
| 18                    Respondent. | |
| 19 | Judge: The Honorable William McCurine, Jr. |

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| **MEMORANDUM OF POINTS AND AUTHORITIES** | | 5 |
| **INTRODUCTION** | | 5 |
| **ARGUMENT** | | 5 |
| I. | PETITIONER HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER THE ANTITERRORISM AND AFFECTIVE DEATH PENALTY ACT | 5 |
| A. | Petitioner Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law. | 5 |
| B. | Petitioner Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law. | 7 |
| C. | Petitioner Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts. | 10 |
| **CONCLUSION** | | 11 |

i

08-CV-0654 J (Wmc)

# TABLE OF AUTHORITIES

Page

**Cases**

*Baja v. Ducharme*
187 F.3d 1075 (9th Cir. 1999) ..... 5

*Benny v. U.S. Parole Comm'n*
295 F.3d 977 (9th Cir. 2002) ..... 4

*Carey v. Musladin*
___ U.S. ___
127 S. Ct. 649, 653 ..... 6

*Crater v. Galaza*
491 F.3d 1119 (9th Cir. 2007) ..... 6

*Culverson v. Davison*
237 F.App'x 174 (9th Cir. 2007) ..... 8

*Duhaime v. Ducharme*
200 F.3d 597 (9th Cir. 2000) ..... 7

*Earp v. Ornoski*
431 F.3d 1158 (9th Cir. 2005) ..... 7

*Foote v. Del Papa*
492 F.3d 1026 (9th Cir. 2007) ..... 6

*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*
442 U.S. 1 (1979) ..... 2

*Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008)
reh'g en banc granted
___ F.3d ___, No. 06-55392
(9th Cir. filed May 16, 2008) ..... 3

*Hayward v. Marshall*
527 F.3d 797 (9th Cir. 2008) ..... 7

*In re Dannenberg*
34 Cal. 4th 1061 (2005) ..... 3

*In re Rosenkrantz*
29 Cal. 4th 616 (2002) ..... 2, 7

*Lockyer v. Andrade*
538 U.S. 63
123 S. Ct. 1166
155 L. Ed. 2d 144 (2003) ..... 5

*Nguyen v. Garcia*
477 F.3d 716 (9th Cir. 2007) ..... 6

## TABLE OF AUTHORITIES (continued)

|  | Page |
|---|---|
| *Rose v. Hodges* 423 U.S. 19 96 S. Ct. 175 46 L. Ed. 2d 162 (1975) | 4 |
| *Sandin v. Connor* 515 U.S. 472 (1995) | 2 |
| *Sass v. California Board of Prison Terms* 461 F.3d 1123 (9th Cir. 2006) | 3 |
| *Superintendent v. Hill* 472 U.S. 445 105 S. Ct. 2768 86 L. Ed. 2d 365 (1985) | 4, 8 |
| *Wilkinson v. Austin* 545 U.S. 209 (2005) | 2 |
| *Williams v. Taylor* 529 U.S. 362 120 S. Ct. 1495 146 L. Ed. 2d 389 (2000) | 6 |
| *Wright v. Van Patten* ___U.S.___ 128 S. Ct. 743 (2008) | 6 |
| *Ylst v. Nunnemaker* 501 U.S. 797 111 S. Ct. 2590 115 L. Ed. 2d 706 (1991) | 9 |

**Statutes**

United State Code
    Title 28
        §2254    3
        §2254(a)    4
        §2254(d)(1-2)    5
        §2244(d)(1)    2
        §2254(d)(2)    10
        §2254(e)(1)    10

California Code of Regulation
    Title 15
        §2292(b)    4

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  HEATHER BUSHMAN
   Supervising Deputy Attorney General
5  LINNEA D. PIAZZA, State Bar No. 246868
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2221
    Fax: (619) 645-2581
9   Email: Linnea.Piazza@doj.ca.gov
   Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK TITCH,**<br><br>Petitioner,<br><br>v.<br><br>**ROBERT HERNANDEZ, WARDEN,**<br><br>Respondent. | 08-CV-0654 J (Wmc)<br><br>**RESPONDENT'S ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**<br><br>Judge: The Honorable William McCurine, Jr. |

Respondent Robert Hernandez, Warden of the R.J. Donovan Correctional Facility, respectfully submits Respondent's Return to the Petition for Writ of Habeas Corpus filed by life inmate Mark Titch. Respondent admits, denies, and alleges the following:

1. Petitioner is lawfully in the custody of the Department of Corrections and Rehabilitation, serving an indeterminate life term. (Pet. at Ex. 4.) Petitioner pleaded guilty to two counts of first degree murder, one count of kidnap for robbery, five counts of first degree robbery, three counts of second degree burglary, and assault with a deadly weapon on a peace officer. (*Id.* at Ex. 4, Ex. 13.) The trial court sentenced Petitioner to seven years to life. (*Id.* at Ex. 13.)

2. In 2007, Petitioner filed a petition for writ of habeas corpus in the Orange County Superior Court alleging that the Board of Parole Hearings' (Board) July 19, 2006 decision finding

him unsuitable for early release to parole violated his due process rights. (Lodg. 1 - Orange County Superior Court Petition.)[1] The superior court denied the petition, finding that the "[d]ue consideration of petitioner's eligibility for parole was given and a proper evidentiary foundation exists for the Board's determination finding petitioner currently unsuitable for release on parole" after applying the some evidence standard of review set forth in *In re Rosenkrantz*, 29 Cal. 4th 616, 658 (2002). (Lodg. 2 - Orange County Superior Court Order at 6-7.)

      3.    Petitioner then raised the same claims in petitions in the California Court of Appeal and the California Supreme Court. (Lodg. 3 - Court of Appeal Petition; Lodg. 4 - California Supreme Court Petition.) Both courts summarily denied the petitions. (Lodg. 5 - Court of Appeal Order; Lodg. 6 - California Supreme Court Docket, case number S155126.)

      4.    Respondent admits that Petitioner exhausted his state court remedies regarding the claim that the Board's 2006 decision violated his due process rights. Respondent denies that Petitioner has exhausted his claims to the extent they are interpreted more broadly to encompass any systematic issues beyond this claim.

      5.    Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1). Respondent admits that the Petition is not subject to any other procedural bar.

      6.    Respondent denies that Petitioner has a federally protected liberty interest in parole and, therefore, alleges that he has not a stated a federal question invoking this court's jurisdiction. The Supreme Court has not clarified the methodology for determining whether a state has created a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209, 229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest). California's parole statute does not contain mandatory language giving rise to a protected liberty interest in parole

---

1. All lodgments are attached to Respondent's Notice of Lodgment, filed concurrently.

under the mandatory-language approach announced in *Greenholtz*. *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates parole before a suitability finding). And continued confinement under an indeterminate life sentence does not impose an "atypical or significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence, impose a new condition of confinement, or otherwise restrict his liberty while he serves his sentence. Thus, Respondent asserts that Titch does not have a federal liberty interest in parole under either *Greenholtz* or *Sandin*. Respondent acknowledges that in *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole statute creates a federal liberty interest in parole under the mandatory-language analysis of *Greenholtz*, but preserves the argument.[2]

7. Even if Petitioner has a federally protected liberty interest in parole vesting this Court with jurisdiction, Respondent denies that Petitioner is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions were not contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts.

8. Respondent denies that the Board's 2006 decision violated Petitioner's federal due process rights. Respondent submits that Petitioner received all due process to which he is entitled under clearly established federal law because he was provided with an opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442 U.S. at 16. Respondent denies that the some-evidence test is clearly established federal law in the parole context.

9. Assuming the some-evidence test is clearly established in the parole suitability context, Respondent denies that the state courts' decisions that some-evidence supported the Board's findings and conclusion that Petitioner posed an unreasonable risk of danger to society was contrary to or an unreasonable application of Supreme Court law. Respondent denies that the some-evidence

---

2. Notably, the Ninth Circuit may consider the question of whether California inmates have a liberty interest in parole suitability in en banc rehearing in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __ F.3d __, No. 06-55392 (9th Cir. filed May 16, 2008), argued on June 24, 2008.

standard of review established in *Superintendent v. Hill*, 472 U.S. 445, 453-54, 105 S. Ct. 2768, 86 L. Ed. 2d 365 (1985), requires a parole Board to articulate a nexus between the factors relied upon and an inmate's current risk of danger to society.

10. Respondent denies that the Board's decision was arbitrary and capricious, inapposite to the record, or that the decision lacked a rational nexus to Petitioner's current parole risk.

11. Respondent denies that the Board's reliance on "unchanging" factors of the commitment offenses, Petitioner's prior criminal history, social history, and institutional conduct violated due process. Respondent denies that the Board's decision transformed Petitioner's sentence into life without the possibility of parole. Respondent submits that Petitioner has not set forth clearly established Supreme Court authority holding that continued reliance on any one factor over a certain period of time violates due process.

12. Respondent denies that the Board's decision was based on a "no-parole" policy or biased in any way. Petitioner fails to prove that the panel made its decision for any improper purpose whatsoever.

13. Respondent denies that the Board "failed to follow its own rules and regulations at Petitioner's 2006 parole hearing, thus violating Petitioner's right to due process." To the extent that Petitioner contends that the Board erred in applying criteria from Title 15 of the California Code of Regulations, § 2281, and other California laws, such as the matrix of base terms, in its parole suitability decision, this claim is not cognizable in federal habeas corpus review. *See* 28 U.S.C. § 2254(a); *see also Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 46 L. Ed. 2d 162 (1975) (federal habeas relief not available for state law questions). (*See* Lodg. 2 at 3, *citing Board of Prison Terms v. Superior Court*, 130 Cal. App. 4 1212, 1232 n. 5 (2005); Cal. Code Regs. tit. 15, § 2292(b).)

14. Respondent denies that Petitioner is entitled to release. The remedy is limited to the process that is due, which is a new review by the Board comporting with due process. *See Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate to a favorable parole decision).

///

15. Respondent submits that an evidentiary hearing is not necessary in this case because Petitioner's claims can be resolved based on the existing state court record. *See Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

16. Petitioner fails to state or establish any grounds for habeas corpus relief.

17. Except as expressly admitted in this Answer, Respondent denies the allegations of the Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Petitioner contends that the Board's 2006 decision finding him unsuitable for parole violated his due process rights. However, Petitioner fails to establish that the state court decisions were contrary to or un unreasonable application of federal law as determined by the United States Supreme Court, or that the decisions were based on an unreasonable determination of the facts. Petitioner's mere disagreement with the Board's decision does not entitle him to federal habeas corpus relief. Accordingly, the Court should deny the Petition.

## ARGUMENT

### I. PETITIONER HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER THE ANTITERRORISM AND AFFECTIVE DEATH PENALTY ACT.

Under the Antiterrorism and Affective Death Penalty Act (AEDPA) a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Petitioner has not demonstrated that he is entitled to relief under this standard.

A. **Petitioner Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law.**

As a threshold matter, the Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). In making this determination, the Court may look only to the holdings of the United States Supreme Court

governing at the time of the state court's adjudication. *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 653 (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. The Supreme Court there held that due process is satisfied when the state provides an inmate an opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The Constitution does not require more." *Id.*[3/] No other Supreme Court holdings require more at a parole hearing.

Petitioner does not contest that he received the *Greenholtz* protections. (*See generally* Pet.) Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding an inmate's due process rights during parole proceedings, the state court decisions upholding the Board's decision were not contrary to clearly established federal law. Thus, the Petition should be denied.

Although Petitioner alleges that no evidence supports the Board's decision, there is no clearly established federal law applying the some-evidence standard to parole decisions. The Supreme Court has held that under AEDPA a test announced in one context is not clearly established federal law when applied to another context. *Wright v. Van Patten*, ___ U.S. ___, 128 S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___ U.S. ___, 127 S. Ct. 1933 (2007); *Musladin*, 127 S. Ct. at 652-54; *see also, Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007). The Supreme Court developed the some-evidence standard in the context of a prison disciplinary hearing in *Hill*, 472 U.S. at 457, which is a fundamentally different context than a parole proceeding. Because the tests and standards developed by the Supreme Court in one context cannot be transferred to distinguishable factual circumstances for AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to parole decisions.

---

3. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

While the Ninth Circuit has applied the some-evidence standard to parole decisions, this is improper under AEDPA and the issue is currently pending before an en banc panel of the Ninth Circuit. *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008). AEDPA does not permit relief based on circuit case law in any event. *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what constitutes clearly established law." . . ."Circuit precedent derived from an extension of a Supreme Court decision is not clearly established federal law as determined by the Supreme Court."); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore, the Ninth Circuit's former use of the some-evidence standard is not clearly established federal law and is not binding on this Court. *See, e.g., Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass*, 461 F.3d at 1128; *Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007).

In sum, the only clearly established federal law setting forth the process due in the parole context is *Greenholtz*. Petitioner does not allege that he failed to receive these protections. Therefore Petitioner has not shown that the state court decisions denying habeas relief were contrary to clearly established federal law.

**B.    Petitioner Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.**

Habeas relief may only be granted based on AEDPA's unreasonable-application clause where the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at 410; *Lockyer*, 538 U.S. at 75. Even accepting the Ninth Circuit's premise that the some-evidence standard is clearly established federal law applicable in the parole suitability context, Petitioner is not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s some-evidence test as the judicial standard to be used in evaluating parole decisions in *Rosenkrantz*, 29 Cal. 4th at 616, and Petitioner has not shown that the state courts unreasonably applied the standard.

///

*Hill's* some-evidence standard is "minimal," and assures that a decision is not "without support" or "arbitrary." *Sass*, 461 F.3d at 1129 (*citing Hill*, 472 U.S. at 457). Only a "modicum of evidence" must be present. *Hill*, 472 U.S. at 455. "To determine whether the some-evidence standard is met 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached.'" *Sass*, 451 F.3d at 1128 (*quoting Hill*, 472 U.S. at 455-56). Even "meager" evidence may support a conclusion that a challenged decision was not "without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. The some-evidence standard does not permit the decision-maker's "factual findings or decisions with respect to appropriate punishment [to be] subject to second-guessing upon review." *Id.* at 455. Thus, contrary to Petitioner's contention, *Hill's* some-evidence standard does not require the state courts to assess whether a nexus exists between the Board's stated findings and the ultimate question of dangerousness to society, because contrary to *Hill*, this analysis would necessarily require a court to reweigh the evidence and second-guess the decision. (*See* Pet at 10-27.) Finally, Petitioner's claim that the Board improperly relied on the commitment offense and other "static" factors in its decision cannot be contrary to, or an unreasonable application of, clearly established Supreme Court precedent, because the Court has never held that time lessens the probative value of this factor. *See Greenholtz*, 442 U.S. at 8, 12 ("[N]o prescribed or defined combination of facts which, if shown, would mandate release on parole . . ."; decision to release an inmate to parole "must include consideration of what the entire record shows up to the time of the sentence, including the gravity of the offense in the particular case" and decisions must be made in "light of the nature of the crime"); *Duhaime*, 200 F.3d at 602-03 (Circuit authority establishing a "new rule" is not clearly established Supreme Court law); *see also Culverson v. Davison*, 237 F.App'x 174, 175 (9th Cir. 2007) ("There is no 'clearly established federal law, as determined by the Supreme Court of the

///
///
///
///

United States,' that limits the number of times a parole board may deny parole to a murderer based on the brutality and viciousness of the commitment offense.").[4/] (*See* Pet. at 28-34.)

Here, the state superior court issued a reasoned decision and applied *Hill's* some-evidence standard as adopted by the California Supreme Court to review the Board's decision, and found some evidence in the record to support the Board's decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802-06, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) (courts "look through" to the last reasoned decision). (Lodg. 2.) The superior court found some evidence to support the Board's interpretation that the commitment offenses were "carried out against multiple victims for very trivial motives in an especially cruel, dispassionate, and calculated manner demonstrating an exceptionally callous disregard for human suffering." (Lodg. 2 at 2.) Petitioner committed many different offenses during a "violent crime spree" that took place within a two month period: (1) home invasion armed robberies, where Petitioner awoke victims at gunpoint; (2) armed robberies of businesses; (3) burglaries, where Petitioner stole two cars; (4) assault of a police officer, where Petitioner shot him five times causing severe injuries in an attempt to flee the scene of a robbery; (5) kidnaping for robbery and murder of one victim, whom Petitioner shot to death so the victim would not identify Petitioner and his crime partner; and (6) one count of murder, after Petitioner's crime partner shot and killed a man and his daughter, and seriously injured the man's wife from multiple gunshot wounds at the victims' home. (Lodg. 2 at 2-4; Lodg. 7 - Subsequent Parole Consideration Hearing Transcript, dated July 12, 2006 at 12-18, 97-98; Lodg. 8 - Probation Officer's Report at 2-3; Lodg. 9 - Life Prisoner Evaluation Report, July 2006 Calendar at 1-3.) The superior court also found some evidence to support the Board's other findings: (1) Petitioner had an escalating pattern of criminal conduct and violence, including arrests and/or convictions for truancy, malicious mischief, escape, threat to assault, burglary, armed robbery, and assault with the intent to commit murder; (2) Petitioner had a record of institutional misconduct, which included four serious rules violation for violence and one serious rules violation relating to the illegal manufacture of alcohol; (3) Petitioner psychological evaluation was not entirely supportive of release, stating that Petitioner had begun and

---

4. Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007. U.S. Ct. App. 9th Cir. Rule 36-3; Fed. R. App. P. 32.1.

should continue to program and that "the passage of time will point toward a diminishing propensity toward criminal behavior;" and (4) the Anaheim Police Department and the Orange County District Attorney's Office opposed parole, which was a proper consideration under the California Penal Code. (Lodg. 2 at 2, 4-6; Lodg. 7 at 22-35, 44-48, 70-74, 90-91, 98-100; Lodg. 9 at 4-6.) Finally, the superior court rejected Petitioner's claim that the Board could not rely on the crime, Petitioner's prior criminal history, and Petitioner's institutional conduct due to the passage of time, concluding that each factor was relevant to "the Board's lingering concern over [P]etitioner's ability to be safely released into the community on parole." (Lodg. 2, at 4-5, 7.) Petitioner has not shown that the state superior court unreasonably applied *Hill's* some-evidence standard, or the any other Supreme Court precedent that applies in the parole consideration context. Petitioner's mere disagreement with the Board's decision, and desire for the Court to reweigh the factors to find him suitable, does not warrant relief under AEDPA's deferential review of the state court's application of *Hill*. Accordingly, the Court should deny the Petition.

### C. Petitioner Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.

Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court. The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although Petitioner alleges that the Board's decision is not supported by the evidence, and states that certain statements in the record are false, he does not show that the state superior court made factual errors. (*See* Pet.) The superior court made many findings regarding Petitioner's commitment offense, prior criminal history, institutional behavior, psychological report, and the oppositions by law enforcement and district attorney. (Lodg. 2 at 2-6.) Petitioner has not alleged by clear and convincing evidence that the state court's factual determinations are incorrect. He merely alleges that his version of events should be adopted by the fact finder, and disagrees with the weight the Board assigned to the evidence. This disagreement does not entitle Petitioner to federal habeas relief.

# CONCLUSION

Petitioner has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: July 28, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General

/s/ Linnea D. Piazza

LINNEA D. PIAZZA
Deputy Attorney General

Attorneys for Respondent

LDP/scb
70128869.wpd
SD2008700434

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Titch v. Hernandez**

No.:   **08-CV-0654 J (Wmc)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 28, 2008, I served the attached **RESPONDENT'S ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Mark Wayne Titch
CDC # B-89549
Richard J. Donovan Correctional Facility at Rock Mountain
480 Alta Road
San Diego, CA  92179

In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 28, 2008, at San Diego, California.

S. Banks
Declarant

Signature

70131510.wpd